## Commonwealth v. Reeder

*John M. Kurtz, Jr.,* for Commonwealth.

*Reilly & Wood,* for defendant.

HARVEY, J., June 12, 1950.—Defendant was charged in the information with a summary conviction offense provided by The Vehicle Code. He appeared before the justice of the peace, waived summary hearing and gave bond for appearance for trial, pursuant to the provisions of The Vehicle Code of May 1, 1929, P. L. 905, sec. 1204(*b*), as amended, 75 PS §734.

Fundamentally, the ground of the motion is that the justice of the peace was without jurisdiction of the person of defendant and, therefore, this court is without jurisdiction.

Defendant, having waived summary hearing, may raise that jurisdictional question in this court: Commonwealth v. Davis, 3 Chester 200.

The relevant provisions of the code are those of the Act of May 1, 1929, P. L. 905, subsec. 1202(*a*), as amended, 75 PS §732:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue

and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed."

The notice sent by the justice of the peace to defendant is lengthy. It appears as a note, at the end of the opinion.

An analysis shows that it is a notice to defendant to pay, or to appear, or to notify the justice of his belief of his innocence, within 10 days of the date of the notice. It allows defendant alternatives of action other than to appear. In effect, it informs him that compliance with any one of the alternatives at his option will avoid the issuance of a warrant for his arrest.

However effective this notice may be to obtain the fine and costs without appearance of defendant, it is not the notice required by the statutory provisions.

The irregularity and defect is not one merely of form. The justice of the peace can acquire no jurisdiction of the person of defendant whether the latter appears voluntarily or fails to appear and is arrested on warrant, if he then waives summary hearing.

The authority and power of the justice of the peace in summary proceedings is wholly statutory and the exercise thereof must be in strict accordance with the statutory requirements or it is invalid and without lawful effect.

"Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much; it is derived from *juris* and *dico*; I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws by the means which the law has provided for that purpose": Mills v. Commonwealth, 13 Pa. 626, 629.

Because the notice sent by the justice of the peace was not in compliance with the law, he did not pro-

ceed by the means which the law provided and no jurisdiction of the person of defendant was obtained. Therefore, we are without authority to hear the case. The proceeding is dismissed and defendant discharged.

Notice sent by justice of the peace:

"Docket No. 279
"Date January 6, 1950.

"To——Clifford C. Reeder
"Address——West Chester R. D. No. 2, Pennsylvania

"Information has been lodged against you before the undersigned, a Justice of the Peace in and for said County. A true and correct copy of the said information made is hereto attached and made a part hereof.

"You are hereby summoned to answer to the charges. If you wish to enter a plea of guilty you may submit the fine and costs amounting to $13.50 in person or by mailing check or money order payable to the undersigned at my office, East Lincoln Highway, Whitford, Pa., within ten days of this legal notice, official receipt for which will be mailed to you if accompanied by stamped envelope. Please return this notice to me when remitting.

"If you believe that you are not guilty of the violation as charged, kindly notify me at once and in any case not later than ten days from the date of this legal notice, and a date will be set for a hearing, at which time you may be represented by witnesses and attorney if you so desire.

"If you fail to appear or notify me within ten days of your desire, it will be my duty under the law to issue a warrant for your arrest.

"Sub-Sec. a , Sec. 401      , Article IV...............$10.00
"Sub-Sec. .....Sec. ........, Article .................$ ....

"Ordinance No. ——— ............................$ ....
"Costs ......................................$ 3.50

"Registered Mail ......................... ....

"Return Receipt Postage ................. ....

"Total .........................$13.50
"WITNESS my hand and seal this 6th day of January, 1950.

"(SEAL)                              THOMAS McILVAINE,
                                        Justice of the Peace.
"My Commission expires first Monday of January, 1954."